UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. RUSSO,              )<br>        Plaintiff,             )<br>                                )<br>      V.                        )<br>                                )<br>CLAIR HONEN, H.S.A., ET AL.,    )<br>        Defendants.            )  | C.A. No. 10-11308-WGY |

MEMORANDUM AND ORDER

YOUNG, D.J.

On July 30, 2010, Plaintiff Michael P. Russo ("Russo"), a prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a *pro se* civil rights Complaint (with an incorporated memorandum of law) under, *inter alia*, 42 U.S.C. § 1983 against: (1) Clair Honen, Health Service Administrator at the Plymouth County Correctional Facility ("PCCF"); (2) Nicholas J. Rencricca, M.D., a doctor at PCCF; and (3) Joseph McDonald, Sheriff of Plymouth County.

Russo alleges that from April 18, 2007 to Marsh 12, 2008, and from June 29, 2009 to September 8, 2009, each of the Defendants was deliberately indifferent to his serious medical need in violation of the Eighth Amendment. Specifically, he alleges that he did not receive any medical treatment at PCCF for his chronic, malignant liver cancer, and this lack of treatment has resulted in further physical harm as well as pain and suffering. He contends that his liver cancer was operable at the beginning of his stay at PCCF, but now he will die if he does not receive a liver transplant because of the Defendants' failure to treat him. Russo further contends that his condition was well-documented at the time he entered PCCF and that the Defendants knew or should have known that the delay in medical treatment placed him at serious risk.

He seeks monetary damages for the alleged constitutional violation, as well as negligence and medical malpractice.[1]

Along with the Complaint, Russo filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), a Motion to Appoint Counsel (Docket No. 3), and a Statute of Limitations Argument (Docket No. 4) in which he alleges a continuing wrongdoing as a basis for tolling any statute of limitations as to his claims.

## DISCUSSION

I.   The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Russo's financial affidavit and his prison account summary, this Court finds that he has demonstrated sufficiently that he lacks funds to pay the $350.00 filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED.

However, because Russo is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b). In light of this, it is hereby Ordered that:

1.   Plaintiff Russo is assessed an initial partial filing fee of $ 74.33 pursuant to 28 U.S.C. § 1915(b)(1)(A);[2]

---

[1] In anticipation of his impending death, Russo requests that all damages recovered be awarded to his wife, to whom he has given power of attorney.

[2] This assessment is based on a manual calculation from the figures contained in the prison account statement submitted by Russo indicating the average monthly deposits over the six-month period preceding the filing of the Complaint (taking 20% of the average monthly deposits). This assessment is made without prejudice to Russo seeking reconsideration provided he submit an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b). Additionally, this assessment of the initial partial filing fee is made notwithstanding that Russo's prison account balance is $35.03, less than the assessed filing fee. The *in forma pauperis* statute provides for assessment of an initial filing fee, but "collection" when funds exist.

    2.    The remainder of the fee, $275.67, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

II.    The Complaint is Subject to Screening

Because Russo is a prisoner, his Complaint is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis*);[3] 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).[4] In reviewing this action, this Court liberally construes Russo's Complaint because he is proceeding *pro se*. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

Although the Complaint is not pristine in setting forth his claims as to each Defendant separately, and although Russo's claims against Sheriff McDonald may be subject to dismissal

---

[3] Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

[4] Section 1915A authorizes courts to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

for lack of *respondeat superior* liability under 42 U.S.C. § 1983,[5] and/or for failure to exhaust administrative remedies, this Court will permit this action to proceed at this time, and will direct the issuance of summonses and service by the United States Marshal Service, as set forth below. The Defendants may file a Motion for a More Definite Statement under Fed. R. Civ. P. 12(e) or some other motion if appropriate.[6]

III.   The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).[7]   However, a civil plaintiff lacks a

---

[5] To the extent that Russo is seeking to hold Sheriff McDonald liable for alleged violations of civil rights based on actions of PCCF medical staff, his claims are not legally cognizable because *respondeat superior* is not a viable theory of liability under 42 U.S.C. § 1983. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983.  Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "[In civil rights actions],'supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'"  Velez-Rivera, 437 F.3d at 156 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).  See also Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008) (discussing test for liability of supervisory officials).  Although Russo makes a bald assertion that Sheriff McDonald knew or should have known that medical treatment was required, the Complaint does not set forth any underlying factual basis for direct liability of Sheriff McDonald.  The Court will consider this issue if and when raised by the Defendant, but will not dismiss Russo's claims *sua sponte*.

[6] The Court makes no determination with respect to any statute of limitations issues, and will permit the parties to brief this issue should it be raised by the Defendants.

[7] In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and for payment under the Criminal Justice Act).

4

constitutional right to free counsel.  Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  Id.  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  Id. at 24.

The Court credits that Russo is unable to afford his own counsel, and that he may have difficulties prosecuting his claims as a *pro se* prisoner with a medical condition.  Nevertheless, at this juncture, without the benefit of a response by the Defendants, this Court cannot find that exceptional circumstances exist warranting appointment of *pro bono* counsel.

Accordingly, Russo's Motion for Appointment of Counsel (Docket No. 3) is DENIED without prejudice to renew after the Defendants have filed a response to the Complaint and upon good cause shown.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.   Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2.   Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is DENIED;

3.   The Clerk shall issue summonses as to Defendants Clair Honen, Nicholas J. Rencricca, M.D., and Sheriff Joseph McDonald; and

4.   The Clerk shall send the summonses, Complaint, and this Order to the Plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m).  The Plaintiff may elect to have service made by the United States Marshal.  If directed by the Plaintiff to do so, the United States Marshal shall serve the summons(es), Complaint, and this Order upon each Defendant, in the manner directed by the Plaintiff,

with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

                                              /s/ William G. Young
                                              UNITED STATES DISTRICT JUDGE

DATED: August 19, 2010