UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


                              )
MICHAEL P. RUSSO,             )
                 Plaintiff    )
                              )
     v.                       )   CIVIL ACTION
                              )   NO. 10-11308-WGY
CLARE HONEN,                  )
NICHOLAS RENRICCA, and        )
JOSEPH MCDONALD,              )
                 Defendants   )
                              )


                       MEMORANDUM AND ORDER


YOUNG, D.J.                                    December 16, 2010


I.   INTRODUCTION

     Michael Russo ("Russo"), a federal prisoner housed at the Plymouth County Correctional Facility ("Facility"), brings this action seeking compensatory and punitive damages against Clare Honen ("Honen"), Health Services Administrator at the Facility, Nicholas Renricca ("Renricca"), a physician at the Facility, and Joseph McDonald ("McDonald"), the Sheriff of Plymouth County (collectively "defendants").  Russo brings a claim under Title 42 Section 1983 alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by withholding necessary medical treatment for his pre-existing liver cancer while he was incarcerated, thus causing his health to deteriorate.  The defendants moved to dismiss, or in the

alternative for summary judgment, on the ground that Russo failed to exhaust his administrative remedies.

**A.   Procedural Posture**

Russo initiated this action on July 30, 2010.  Compl. [ECF No. 1].  Honen and McDonald filed the present motion on September 27, 2010. [ECF No. 17].  Renricca filed an answer on September 21, 2010, and claimed therein, as his first defense, that Russo failed to state a claim for which relief could be granted. [ECF No. 13].  The Court treats this defense as a motion to dismiss and considers it on the same grounds as the motion filed by Defendants Honen and McDonald.

**B.   Facts[1]**

   1.   Underlying Claim

The plaintiff, Michael P. Russo, a.k.a. David Herbele, was housed at the Plymouth County Correctional Facility from April 18, 2007 to March 12, 2008, and again from June 29, 2009 to September 8, 2009.  Compl. ¶ (C).  Prior to his arrival at the Facility, Russo was diagnosed with malignant liver cancer.  Id.

---

[1] As required on motions for summary judgment, the factual summary presented here consists of undisputed facts as to which Russo bears the burden of proof and disputed facts in the light most favorable to Russo, the non-moving party.  The Court reviews the record as a whole, but "it must disregard all evidence favorable to the moving party that the jury is not required to believe."  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000).  Accordingly, on any issue on which the moving party bears the burden of proof, the Court will disregard evidence in favor of the moving party - even if uncontradicted - that the jury would be free to disbelieve.  See id.

2

At the time of his incarceration, Russo's liver cancer was operable and potentially curable. The Facility was made aware of Russo's condition. See Pl.'s Mem. Opp'n Renricca's Mot. Dismiss, Ex. D [ECF No. 22-1]. Due to the Facility's delay and withholding of medical treatment, Russo's liver cancer accelerated and has caused significant deterioration of his physical health. Id. ¶ (D)(2). Russo may now require a liver transplant to survive. Id. ¶ (D).

    2. Grievances Filed

During his stay at the Facility, Russo filed several "Sick Call Request Forms" in order to receive medical attention for his liver disease and cancer. Id.; Pl.'s Mem. Opp'n McDonald/Honen Mot. Dismiss, Ex. C [ECF No. 21-3]. In addition, Russo sent at least three letters to Honen and at least one letter to McDonald expressing serious concerns about his inadequate medical attention. Id. Ex. A. In these letters Russo repeatedly requested to see a doctor, asked to be sent out for surgery on his liver, and encouraged the Facility to request his outside medical records to aid in his treatment. Id. Russo also expressly claimed that he was being treated with "deliberate indifference and negligence" and subjected to "cruel and unusual punishment" in violation of his Eighth Amendment rights. He expressed his intent to pursue legal action. Honen acknowledged receipt of at least one of these letters and replied to Russo on

September 19, 2007.  Id.  In November 2007, Honen sent a memorandum to an "ADS Norton" within the Facility explaining that the inmate Russo "continues to send letters to me insisting that we address certain issues with him."  Id.  Russo did not file any official Facility grievance forms.

**II. ANALYSIS**

**A.  Legal Standard**

The defendants Honen and McDonald having moved for dismissal, or in the alternative for summary judgment, and Russo not having objected, the Court may fairly analyze this case under the summary judgment standard.[2]

Summary judgment is warranted if, after reviewing the facts in the light most favorable to the non-moving party, no genuine issues of material fact remain and the moving party is entitled to judgment as matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A "genuine" issue of fact is one that a reasonable jury, on the record before the court, could resolve in favor of either party.  Id.

This Court must be mindful that the Plaintiff is largely proceeding pro se and thus, "must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v.

---

[2] Because the Court, as detailed below, rules that Russo's claim survives summary judgment on exhaustion grounds, and because Renricca provides no alternative grounds or arguments for his motion, it is also unnecessary to provide separate analysis for Renricca.

4

Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A court, however, will not "conjure up unpled allegations" to state an actionable claim.  McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).

    **B.    Failure to Exhaust Administrative Remedies**

The defendants have moved for dismissal or summary judgment on the ground that Russo may not be heard in federal court because he has not exhausted his administrative remedies.  At the Facility, the administrative remedy available to inmates is the "Inmate Grievance Procedure."  Def.'s McDonald/Honen Mem. Supp. Mot. Dismiss, Ex. 1 [ECF No. 18-1].  According to this procedure, inmates are to fill out written grievance forms and submit these for review by the staff of the Facility.  Id.  The procedure indicates that forms will be available in each housing unit and by request.  Id.

The defendants argue that Russo's letters did not follow this procedure, that Russo never submitted any grievance forms, and that, therefore, Russo did not properly exhaust his remedies.  Id. at 3; Id. Ex. 2.  In response, Russo argues that he was deliberately denied access to inmate grievance forms and that he was thus forced to air his grievances in the form of letters to Honen and McDonald.  Pl.'s Mem. Opp'n McDonald/Honen Mot. Dismiss 2.

5

The Prison Litigation Reform Act ("PLRA") provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision does not require exhaustion of **all** remedies but rather, only those that are **available**. Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). "Although the PLRA does not provide a definition, the plain meaning of the term 'available' is 'capable of use for the accomplishment of a purpose: immediately utilizable . . . accessible.'" Id. (quoting Webster's Third New International Dictionary 150 (1986)).

Assuming Russo's allegations are true, as this Court must for purposes of these motions, his being denied access to, or use of, the grievance forms rendered the Facility's administrative remedy unavailable to him. See id. The defendants have provided no evidence or statement to counter Russo's allegations. Exhaustion is an affirmative defense, and thus the burden of showing non-exhaustion is on the defendants. Casanova v. Dubois, 304 F.3d 75, 77-78 (1st Cir. 2002). Unless, and until, the defendants respond with evidence to the contrary, there remains a genuine issue of material fact as to whether Russo was denied access to inmate grievance forms. See Carter v. Newland, 441 F.

Supp. 2d. 208, 211 (D. Mass. 2006) (Gorton, J.) (denying motion to dismiss for failure to exhaust because defendants offered no response to plaintiff's allegation that his attempts to properly grieve were deliberately thwarted). This Court cannot rule as matter of law that Russo has failed to exhaust his administrative remedy.

## III. CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss, or in the alternative for summary judgment, [ECF Nos. 13, 17] are DENIED WITHOUT PREJUDICE. The case is placed upon the running trial list for January, 2012.


SO ORDERED

Date: December 16, 2010.


/s/ William G. Young
--------------------------------
William G. Young
United States District Judge